UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TERI J. MCDERMOTT,                                        :

                                                         :

                          Plaintiff,                     :        Case No.: 11 CIV 4161 (BSJ)

                                                         :
                    v.
                                                         :        **ANSWER**

WOLTERS KLUWER HEALTH, INC., OVID
TECHNOLOGIES, INC. and EBSCO PUBLISHING,                 :
INC.,

                                                         :

                          Defendants.                    :
-----------------------------------------------------------------------X

          Defendants Wolters Kluwer Health, Inc. and Ovid Technologies, Inc. (collectively

referred to hereinafter as "WKH"), by and through its attorneys, Jenner & Block LLP, as and for

its answer to the complaint (the "Complaint") of plaintiff Teri J. McDermott (hereinafter,

"Plaintiff"), responds as follows:

<u>**NATURE OF THE ACTION**</u>

          1.       WKH denies the allegations contained in paragraph 1 of the Complaint, except

avers that a response is not required from WKH as to the allegations contained in the first

sentence of paragraph 1 of the Complaint because they merely state the relief sought by Plaintiff,

but denies that Plaintiff is entitled to any of the relief requested.

          2.       WKH denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 2 of the Complaint.

          3.       In response to the allegations contained in paragraph 3 of the Complaint, WKH

admits the allegations in paragraph 3, except denies knowledge or information sufficient to form

a belief as to the truth of the allegations to the extent that they pertain to defendant EBSCO

Publishing, Inc. ("EBSCO").

4.      WKH admits the allegations contained in paragraph 4 of the Complaint.

5.      WKH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

### Summary of Background Facts

6.      WKH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admits that McDermott entered into license agreements with WKH for use of five medical illustrations (the "Medical Illustrations"), and respectfully refers the Court to the relevant license agreements for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.

7.      WKH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admits that McDermott entered into a sixth license agreement with WKH for use of one of the Medical Illustrations, and respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.

8.      WKH avers that paragraph 8 of the Complaint purports to assert vague legal conclusions and legal interpretations regarding multiple agreements between the parties, and therefore an answer is neither necessary nor appropriate.  To the extent that a response is necessary, WKH respectfully refers the Court to the relevant license agreements for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.

9.      WKH avers that paragraph 9 of the Complaint purports to assert vague legal conclusions and legal interpretations regarding multiple agreements between the parties, and therefore an answer is neither necessary nor appropriate.  To the extent that a response is necessary, WKH respectfully refers the Court to the relevant license agreements for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.

10.      WKH avers that paragraph 10 of the Complaint purports to assert vague legal conclusions and legal interpretations regarding multiple agreements between the parties, and therefore an answer is neither necessary nor appropriate.  To the extent that a response is necessary, WKH respectfully refers the Court to the relevant license agreements for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.

11.      WKH avers that paragraph 11 of the Complaint purports to assert vague legal conclusions and legal interpretations regarding multiple agreements between the parties, and therefore an answer is neither necessary nor appropriate.  To the extent that a response is necessary, WKH respectfully refers the Court to the relevant license agreements for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.

12.      In response to the allegations contained in paragraph 12 of the Complaint, WKH admits that the license agreements provided that certain copyright information accompany reproductions of the Medical Illustrations and respectfully refers the Court to the relevant license agreements for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.

3

## Overview of Infringement

13.     WKH denies the allegations contained in paragraph 13 of the Complaint.

14.     WKH denies the allegations contained in paragraph 14 of the Complaint.

15.     WKH denies the allegations contained in paragraph 15 of the Complaint.

16.     WKH denies the allegations contained in paragraph 16 of the Complaint.

17.     WKH denies the allegations contained in paragraph 17 of the Complaint.

18.     WKH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except admits that McDermott contacted WKH in or about October 2010 and directed that WKH take down certain Medical Illustrations.

19.     WKH denies the allegations contained in paragraph 19 of the Complaint, except admits that it received a draft complaint on May 26, 2011 and respectfully refers the Court to the relevant complaint for a full and complete recitation of the terms and provisions contained therein.

20.     WKH denies the allegations contained in paragraph 20 of the Complaint.

21.     WKH denies the allegations contained in paragraph 21 of the Complaint.

22.     In response to the allegations contained in paragraph 22 of the Complaint, WKH admits that McDermott filed this action.

## PARTIES

### Plaintiff

23.     WKH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

**Wolters**

24.     In response to the allegations in paragraph 24 of the Complaint, WKH admits that Wolters is a Delaware corporation that is authorized to do business and is doing business in New York and denies the remaining allegations.

25.     WKH admits the allegations contained in paragraph 25 of the Complaint.

26.     WKH admits the allegations contained in paragraph 26 of the Complaint.

27.     WKH admits the allegations contained in paragraph 27 of the Complaint.

**Ovid**

28.     WKH admits the allegations contained in paragraph 28 of the Complaint.

**Wolters' Relationship with Ovid**

29.     WKH denies the allegations contained in paragraph 29 of the Complaint, except admits that Ovid is one of the brands of Wolters Kluwer Health, Inc.

30.     WKH denies the allegations contained in paragraph 30 of the Complaint.

31.     WKH denies the allegations contained in paragraph 31 of the Complaint.

32.     WKH denies the allegations contained in paragraph 32 of the Complaint.

33.     WKH admits the allegations contained in paragraph 33 of the Complaint.

34.     WKH denies the allegations contained in paragraph 34 of the Complaint.

35.     WKH denies the allegations contained in paragraph 35 of the Complaint.

36.     WKH denies the allegations contained in paragraph 36 of the Complaint, except admits that the Wolters' trademarked logo and the name "Wolters Kluwer Health" appears on the Ovid Site and that the paragraph accurately describes the website screenshot reproduced therein.

**EBSCO**

37.     WKH denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 37 of the Complaint.

## Jurisdiction

38.     A response is not required from WKH as to the statement contained in paragraph 38 of the Complaint as it states a legal conclusion.

39.     A response is not required from WKH as to the statement contained in paragraph 39 of the Complaint as it states a legal conclusion.

40.     A response is not required from WKH as to the statement contained in paragraph 40 of the Complaint as it states a legal conclusion.

41.     A response is not required from WKH as to the statement contained in paragraph 41 of the Complaint as it states a legal conclusion.

## FACTS

### The Six License Agreements at Issue

42.     WKH admits the allegations contained in paragraph 42 of the Complaint.

43.     In response to the allegations contained in paragraph 43 of the Complaint, WKH admits that the license agreements include the language quoted in paragraph 43 of the Complaint, but WKH respectfully refers the Court to the relevant license agreements for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 43.

44.     In response to the allegations contained in paragraph 44 of the Complaint, WKH admits that the license agreements include the language quoted in paragraph 44 of the Complaint, but WKH respectfully refers the Court to the relevant license agreements for a full and complete recitation of the terms and provisions contained therein and their meaning and

effect, and denies all inconsistent allegations.  To the extent any further answer is deemed

required, WKH denies any remaining allegations of paragraph 44.

45.      WKH admits the allegations contained in paragraph 45 of the Complaint.

### 1.  **Rheumatoid Arthritis**

46.      WKH admits the allegations contained in paragraph 46 of the Complaint.

47.      In response to the allegations contained in paragraph 47 of the Complaint, WKH

admits that the license agreement includes the language quoted in paragraph 47 of the

Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and

complete recitation of the terms and provisions contained therein and their meaning and effect,

and denies all inconsistent allegations.  To the extent any further answer is deemed required,

WKH denies any remaining allegations of paragraph 47.

48.      In response to the allegations contained in paragraph 48 of the Complaint, WKH

admits that the license agreement includes the language quoted in paragraph 48 of the

Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and

complete recitation of the terms and provisions contained therein and their meaning and effect,

and denies all inconsistent allegations.  To the extent any further answer is deemed required,

WKH denies any remaining allegations of paragraph 48.

49.      In response to the allegations contained in paragraph 49 of the Complaint, WKH

admits that the license agreement includes the language quoted in paragraph 49 of the

Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and

complete recitation of the terms and provisions contained therein and their meaning and effect,

and denies all inconsistent allegations.  To the extent any further answer is deemed required,

WKH denies any remaining allegations of paragraph 49.

50.     In response to the allegations contained in paragraph 50 of the Complaint, WKH admits that the license agreement includes certain language quoted in paragraph 50 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 50.

## 2.  Sleep Apnea

51.     WKH admits the allegations contained in paragraph 51 of the Complaint.

52.     In response to the allegations contained in paragraph 52 of the Complaint, WKH admits that the license agreement includes the language quoted in paragraph 52 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 52.

53.     In response to the allegations contained in paragraph 53 of the Complaint, WKH admits that the license agreement includes the language quoted in paragraph 53 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 53.

54.     In response to the allegations contained in paragraph 54 of the Complaint, WKH admits that the license agreement includes certain language quoted in paragraph 54 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and

complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 54.

### 3.  Pneumonia MM 89

55.     WKH admits the allegations contained in paragraph 55 of the Complaint.

56.     In response to the allegations contained in paragraph 56 of the Complaint, WKH admits that the license agreement includes the language quoted in paragraph 56 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 56.

57.     In response to the allegations contained in paragraph 57 of the Complaint, WKH admits that the license agreement includes the language quoted in paragraph 57 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 57.

58.     In response to the allegations contained in paragraph 58 of the Complaint, WKH admits that the license agreement includes certain language quoted in paragraph 58 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 58.

#### 4.  <u>MI 91</u>

59.      WKH admits the allegations contained in paragraph 59 of the Complaint.

60.      In response to the allegations contained in paragraph 60 of the Complaint, WKH admits that the license agreement includes the language quoted in paragraph 60 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 60.

61.      In response to the allegations contained in paragraph 61 of the Complaint, WKH admits that the license agreement includes the language quoted in paragraph 61 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 61.

62.      In response to the allegations contained in paragraph 62 of the Complaint, WKH admits that the license agreement includes certain language quoted in paragraph 62 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 62.

#### 5.  <u>Influenza and Lungs 00</u>

63.      In response to the allegations contained in paragraph 63 of the Complaint, WKH admits that on or about October 25, 2006, Wolters executed a license agreement for Ms.

McDermott's medical illustration called Influenza and Lungs 00 ("Influenza").

64.     In response to the allegations contained in paragraph 64 of the Complaint, WKH admits that the license agreement includes the language quoted in paragraph 64 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 64.

65.     In response to the allegations contained in paragraph 65 of the Complaint, WKH denies that the license agreement permits Wolters to use this illustration on a "3/4 page," but admits that the license agreement includes the remaining language quoted in paragraph 65 of the Complaint, and WKH respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 65.

66.     In response to the allegations contained in paragraph 66 of the Complaint, WKH admits that the license agreement includes the language quoted in paragraph 66 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 66.

67.     In response to the allegations contained in paragraph 67 of the Complaint, WKH admits that the license agreement includes the language quoted in paragraph 67 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and

complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 67.

**6.  Sleep Apnea 97**

68.     WKH admits the allegations contained in paragraph 68 of the Complaint.

69.     WKH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70.     WKH admits the allegations contained in paragraph 70 of the Complaint.

71.     In response to the allegations contained in paragraph 71 of the Complaint, WKH admits that the license agreement includes the language quoted in paragraph 71 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 71.

72.     In response to the allegations contained in paragraph 72 of the Complaint, WKH admits that the license agreement includes the language quoted in paragraph 72 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 72.

73.     In response to the allegations contained in paragraph 73 of the Complaint, WKH admits that the license agreement includes the language quoted in paragraph 73 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and

complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 73.

74.     In response to the allegations contained in paragraph 74 of the Complaint, WKH admits that the license agreement includes the language quoted in paragraph 74 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 74.

75.     In response to the allegations contained in paragraph 75 of the Complaint, WKH admits that the license agreement includes the language quoted in paragraph 75 of the Complaint, but WKH respectfully refers the Court to the relevant license agreement for a full and complete recitation of the terms and provisions contained therein and their meaning and effect, and denies all inconsistent allegations.  To the extent any further answer is deemed required, WKH denies any remaining allegations of paragraph 75.

## DEFENDANTS' INFRINGING CONDUCT

### A.  Wolters' Direct Copyright Infringements

76.     WKH denies the allegations contained in paragraph 76 of the Complaint.

77.     WKH denies the allegations contained in paragraph 77 of the Complaint.

78.     WKH denies the allegations contained in paragraph 78 of the Complaint.

79.     WKH denies the allegations contained in paragraph 79 of the Complaint.

80.     WKH denies the allegations contained in paragraph 80 of the Complaint, except avers that the screenshot depicted therein appears to be a screenshot taken from the website

www.lww.com.

81.     WKH denies the allegations contained in paragraph 81 of the Complaint.

82.     WKH denies the allegations contained in paragraph 82 of the Complaint.

83.     WKH denies the allegations contained in paragraph 83 of the Complaint, except admits that the screenshot depicted therein appears to be a screenshot taken from the Nursing Center website.

## B.  Ovid's Direct Infringements

84.     WKH denies the allegations contained in paragraph 84 of the Complaint.

85.     WKH denies the allegations contained in paragraph 85 of the Complaint, except admits that the screenshot depicted therein appears to be a screenshot taken from the Ovid website.

86.     WKH denies the allegations contained in paragraph 86 of the Complaint.

87.     WKH denies the allegations contained in paragraph 87 of the Complaint, except admits that the screenshot depicted therein appears to be a screenshot taken from an internet website.

## C.  EBSCO's Direct Infringements

88.     WKH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89.     WKH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint, except admits that the screenshot depicted therein appears to be a screenshot taken from an internet website.

### D.  Wolters' DMCA Violations with Respect to *Rheumatoid* and *Sleep Apnea 97* on *Nursing Center* and with Respect to *Sleep Apnea 97* on *Nursing Easy*

90.     WKH  denies the allegations contained in paragraph 90 of the Complaint.

91.     WKH denies the allegations contained in paragraph 91 of the Complaint.

92.     WKH denies the allegations contained in paragraph 92 of the Complaint, except admits that the screenshot depicted therein appears to be a screenshot taken from the Nursing Center website.

### E.  Ovid's DMCA Violations on the *Ovid Site* with Respect to *Rheumatoid, Sleep Apnea, MI 91 and Sleep Apnea 97*

93.     WKH denies the allegations contained in paragraph 93 of the Complaint.

94.     WKH denies the allegations contained in paragraph 94 of the Complaint, except admits that the screenshot depicted therein appears to be a screenshot taken from the Ovid website.

## MS. MCDERMOTT'S COPYRIGHT OWNERSHIP

95.     WKH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint.

96.     WKH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint.

97.     In response to the allegations set forth in paragraph 97 of the Complaint, WKH avers that the allegations set forth legal conclusions to which an answer is neither necessary nor appropriate, except WKH except denies that it infringed the Medical Illustrations.

98.     In response to the allegations set forth in paragraph 98 of the Complaint, WKH admits that the registration numbers and dates of registration depicted in paragraph 98 of the Complaint reflect copyright registration numbers and dates of registration.

## CLAIMS IN THIS ACTION

### Count I: Wolters' Direct Copyright Infringements

99.     In response to the allegations contained in paragraph 99 of the Complaint, WKH

repeats and realleges its responses to paragraphs 1 through 98 of the Complaint as if fully set forth herein.

100.    WKH denies the allegations contained in paragraph 100 of the Complaint.

101.    WKH denies the allegations contained in paragraph 101 of the Complaint.

102.    WKH denies the allegations contained in paragraph 102 of the Complaint.

103.    WKH denies the allegations contained in paragraph 103 of the Complaint.

104.    WKH denies the allegations contained in paragraph 104 of the Complaint.

105.    WKH denies the allegations contained in paragraph 105 of the Complaint.

106.    WKH denies the allegations contained in paragraph 106 of the Complaint.

### Count II: Ovid's Direct Infringements

107.     In response to the allegations contained in paragraph 107 of the Complaint, WKH repeats and realleges its responses to paragraphs 1 through 98 of the Complaint as if fully set forth herein.

108.    WKH denies the allegations contained in paragraph 108 of the Complaint.

109.    WKH denies the allegations contained in paragraph 109 of the Complaint.

110.    WKH denies the allegations contained in paragraph 110 of the Complaint.

111.    WKH denies the allegations contained in paragraph 111 of the Complaint.

### Count III: Direct Infringement by EBSCO

112.     In response to the allegations contained in paragraph 112 of the Complaint, WKH repeats and realleges its responses to paragraphs 1 through 98 of the Complaint as if fully set forth herein.

113.    WKH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Complaint.

114.    WKH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Complaint.

115.    WKH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Complaint.

### Count IV: Wolters' Contributory Copyright Infringement

116.    In response to the allegations contained in paragraph 116 of the Complaint, WKH repeats and realleges its responses to paragraphs 1 through 115 of the Complaint as if fully set forth herein.

117.    WKH denies the allegations contained in paragraph 117 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint to the extent that they pertain to EBSCO.

118.    WKH denies the allegations contained in paragraph 118 of the Complaint.

119.    WKH denies the allegations contained in paragraph 119 of the Complaint.

120.    WKH denies the allegations contained in paragraph 120 of the Complaint.

121.    WKH denies the allegations contained in paragraph 121 of the Complaint.

122.    WKH denies the allegations contained in paragraph 122 of the Complaint.

### Count V: Wolters' DMCA Violations

123.    In response to the allegations contained in paragraph 123 of the Complaint, WKH repeats and realleges its responses to paragraphs 1 through 98 of the Complaint as if fully set forth herein.

124.    A response is not required from WKH as to the statements contained in paragraph 124 of the Complaint as they state a legal conclusion.  To the extent that a response is required, WKH denies the allegations in paragraph 124 of the Complaint.

125. A response is not required from WKH as to the statements contained in paragraph 125 of the Complaint as they state a legal conclusion. To the extent that a response is required, WKH denies the allegations in paragraph 125 of the Complaint.

126. WKH denies the allegations contained in paragraph 126 of the Complaint.

127. WKH admits the allegations contained in paragraph 127 of the Complaint.

128. WKH admits the allegations contained in paragraph 128 of the Complaint.

129. WKH denies the allegations contained in paragraph 129 of the Complaint.

130. WKH denies the allegations contained in paragraph 130 of the Complaint.

131. WKH denies the allegations contained in paragraph 131 of the Complaint.

132. WKH denies the allegations contained in paragraph 132 of the Complaint.

133. WKH denies the allegations contained in paragraph 133 of the Complaint.

134. WKH denies the allegations contained in paragraph 134 of the Complaint.

135. WKH denies the allegations contained in paragraph 135 of the Complaint.

136. WKH denies the allegations contained in paragraph 136 of the Complaint.

**Count VI: Wolters' DMCA Violations by Ovid**

137. In response to the allegations contained in paragraph 137 of the Complaint, WKH repeats and realleges its responses to paragraphs 1 through 98 and 124 to 125 of the Complaint as if fully set forth herein.

138. WKH admits the allegations contained in paragraph 138 of the Complaint.

139. WKH denies the allegations contained in paragraph 139 of the Complaint.

140. WKH denies the allegations contained in paragraph 140 of the Complaint, except admits that McDermott's CMI was included with its posts of the Medical Illustrations.

141. WKH denies the allegations contained in paragraph 141 of the Complaint.

142.   WKH denies the allegations contained in paragraph 142 of the Complaint.

143.   WKH denies the allegations contained in paragraph 143 of the Complaint.

144.   WKH denies the allegations contained in paragraph 144 of the Complaint.

145.   WKH denies the allegations contained in paragraph 145 of the Complaint.

146.   WKH denies the allegations contained in paragraph 146 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

(1)   The Complaint fails to state a claim against WKH upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

(2)   Plaintiff's claims and prayer for relief are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

(3)   Plaintiff's claims and prayer for relief are barred by the doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

(4)   Plaintiff's claim and prayer for relief are barred by the doctrine of waiver.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

(5)   Plaintiff's claim and prayer for relief are barred by the doctrine of estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

(6)   Plaintiff's claim and prayer for relief are barred by the doctrine of unclean hands and breaches of their duties of good faith and fair dealing.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

(7)   In the event of a finding of infringement, if any, any such infringement by WKH

was innocent and not knowing, willful, deliberate, wanton or intentional.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

(8)    McDermott's copyright registrations are invalid.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

(9)    Plaintiff's claims are barred by license.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

(10)    Plaintiff's claims are barred by the doctrines of ratification and acquiescence.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

(11)    Any harm alleged to have been suffered by Plaintiff is the result of acts or omissions on the part of persons over whom WKH has no control.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

(12)    Plaintiff's claims fail because any allegedly improper use of Plaintiff's medical illustrations constitutes fair use.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

(13)    McDermott has not been damaged or injured by any act or omission of WKH.

WHEREFORE, WKH respectfully requests that the Court:

A.    Dismiss Plaintiff's Complaint against WKH in its entirety with prejudice, and award judgment to WKH;

B.    Award WKH its reasonable costs and attorneys' fees incurred in having to defend this action, pursuant to 17 U.S.C. § 505; and

C.    Award WKH such other and further relief as the Court deems just and proper.

Dated:  New York, New York
      September 19, 2011

JENNER & BLOCK LLP


By:    s/  Carletta F. Higginson     
      Carletta F. Higginson
919 Third Avenue, 37th Floor
New York, New York  10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Email: chigginson@jenner.com


*Attorneys for Defendants Wolters Kluwer
Health, Inc. and Ovid Technologies, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

TERI J. MCDERMOTT,                                    :

                                                      :

                    Plaintiff,          :          Case No.: 11 CIV 4161 (BSJ)

                                                      :

          v.                                          :

                                                      :          **CERTIFICATE OF SERVICE**

WOLTERS KLUWER HEALTH, INC., OVID
TECHNOLOGIES, INC. and EBSCO PUBLISHING,              :
INC.,

                                                      :

                    Defendants.         :
-----------------------------------------------------------------------X

     I, Carletta F. Higginson, do hereby certify that on this 19th day of September, I caused

true and correct copies of the within *Answer* to be filed electronically via this court's Electronic

Case Filing system and caused same to be served via email delivery upon Andrew Berger,

Tannenbaum Helpern Syracuse, & Hirschtritt, 900 Third Avenue, New York, New York  10022,

berger@thsh.com, attorneys for Plaintiff, and Michael S. Denniston, Bradley Arant Boult

Cummings LLP, One Federal Place, 1819 5th Avenue N., Birmingham, AL 35203,

mdenniston@babc.com, attorneys for defendant EBSCO Publishing, Inc.

                                                   s/Carletta F. Higginson
                                                   Carletta F. Higginson